UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND McGILL, | ) Case No. CV 09-5572-VBF(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| JOHN MARSHALL (WARDEN), | ) PETITION FOR HABEAS CORPUS |
| Respondent. | ) |

On July 30, 2009, petitioner Desmond McGill, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2007 conviction and sentence for carjacking and robbery in Los Angeles Superior Court case no. SA065045,[1] following a plea of nolo contendere.  Petition at 2.  The petition shows on its face that petitioner has a petition for writ of certiorari pending in the United States Supreme Court.  Petition at 3.

---

[1] The Court, pursuant to Fed. R. Evid. 201, takes judicial notice of the documents filed in two previous habeas corpus cases brought by petitioner:  (1) McGill v. State of California, case no. CV 09-1073-VBF(RC) ("McGill I"); and (2) McGill v. State of California, case no. CV 09-1361-VBF(RC) ("McGill II"), which establish the Superior Court case number.

**DISCUSSION**

The seminal case of <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances.  <u>Id.</u> at 44, 91 S. Ct. at 750; <u>Middlesex County Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982); <u>Samuels v. Mackell</u>, 401 U.S. 66, 69, 91 S. Ct. 764, 766, 27 L. Ed. 2d 688 (1971). This principle of "*Younger* abstention" is also applicable to claims raised in federal habeas corpus proceedings.  <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 587 (9th Cir. 1998); <u>Carden v. State of Montana</u>, 626 F.2d 82, 83-85 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1014 (1980). Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests and afford an adequate opportunity to raise federal questions, and if the federal relief sought would interfere in some manner with the state court litigation.  <u>Middlesex County Ethics Comm'n</u>, 457 U.S. at 432, 102 S. Ct. at 2521; <u>Green v. City of Tucson</u>, 255 F.3d 1086, 1094 (9th Cir. 2001)(en banc).

Here, all the prerequisites to the application of abstention under *Younger* have been met.  First, petitioner is currently the subject of a criminal proceeding in state court, which is not yet final.[2]  <u>H.C. v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000); <u>Dubinka v.

---

[2] A state court criminal judgment becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when

2

1  Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).
2  Second, the state undeniably has an important interest in protecting
3  the public by the filing and prosecuting of criminal proceedings.
4  Seling v. Young, 531 U.S. 250, 262, 121 S. Ct. 727, 734, 148 L. Ed. 2d
5  734 (2001).  Third, the state court criminal proceedings afford an
6  opportunity for petitioner, who is the defendant, to raise constitu-
7  tional claims, such as he raises herein.  Finally, the remedy the
8  petitioner seeks, a writ of habeas corpus, would clearly interfere
9  with the ongoing state criminal proceeding, see Preiser v. Rodriguez,
10 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973)
11 ("[T]he essence of habeas corpus is an attack by a person in custody
12 upon the legality of that custody, and . . . the traditional function
13 of the writ is to secure release from custody."), and petitioner has
14 not identified any "extraordinary circumstances" warranting an
15 exception to the Younger doctrine.

    Rule 4 of the Rules Governing Section 2254 Cases in the United
States Courts provides that "[i]f it plainly appears from the petition
and any attached exhibits that the petitioner is not entitled to
relief in the district court, the judge must dismiss the petition and
direct the clerk to notify petitioner."  The instant petition shows

---

the time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003); see also Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001) ("[U]nder [§ 2244(d)], a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought."), cert. denied, 534 U.S. 1143 (2002).

3

1  that petitioner's state court criminal judgment is not yet final;
2  thus, the petition must be dismissed without prejudice.

**ORDER**

   IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus and action.

   IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: August 4, 2009

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: July 30, 2009

 /S/ ROSALYN M. CHAPMAN
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-5572.mdo
7/30/09

4